IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv343-RJC

| | |
|---|---|
| HSBC MORTGAGE SERVS., INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ANTOINE HERNDON, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## I.   INTRODUCTION

This case involves a foreclosure proceeding instituted in Mecklenburg County, North Carolina, that Defendant Antoine Herndon has untimely removed to Federal Court and has attempted to invoke this Court's original jurisdiction. Plaintiff has filed a Motion to Remand to state court (Doc. No. 5), which Defendant Herndon opposes (Doc. No. 8).

## II.   FACTS

On May 18, 2007, HSBC instituted this foreclosure proceeding by filing a Notice of Hearing with the Mecklenburg County Clerk of Superior Court. On June 4, 2007, the Mecklenburg County Sheriff served Defendant Antoine Herndon ("Herndon") with the notice of hearing by posting the collateral property (4948 Hopewood Lane, Charlotte) in accord with North Carolina law and after exercising the requisite due diligence to serve him personally.

The notice of hearing set a hearing for July 19, 2007. However, on July 18, 2007, Defendant filed a notice of RESPA[1] Qualified Written Request in the Mecklenburg County Superior Court. In

---

[1] RESPA refers to the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2605.

response to the notice, the Substitute Trustee continued the hearing to August 21, 2007, to allow HSBC an opportunity to respond. On August 20, 2007, Herndon filed a notice of removal purporting to remove the proceeding to this Court. On August 21, 2007, Herndon appeared at the hearing to inform the Mecklenburg County Clerk of the removal. At that time, the clerk entered an order of stay pending a remand from this Court.

### III. ARGUMENT

A notice of removal shall contain a statement of the court's basis for jurisdiction, shall include a copy of all pleadings served upon the defendant, and shall be filed within 30 days of after receipt by the defendant. 28 U.S.C. § 1446(a), (b).

In the instant case, Herndon has not complied with the removal statute. First, the removal notice does not include a short and plain statement of the court's basis for jurisdiction. Herndon's notice of removal contains a statement in paragraph 1 that he "desire[s] to exercise [his] rights . . . to remove" and a statement in paragraph 2 that such a right "exists." There is no statement of what federal law might apply to this *in rem* foreclosure proceeding. Second, the notice of removal does not include the correct pleadings for the case removed. The notice of removal pertains to case number 07 SP 3634, but Herndon did not attach a copy of the pleadings served upon him in connection with this case. The only pleading attached was a notice of hearing in connection with case number 07 SP 1077, which is no longer pending.[2] Finally, the notice of removal was untimely filed. Herndon did not file the notice of removal within 30 days, rendering his attempt to remove fatally defective. Herndon was served with the notice of hearing on June 4, 2007, giving him until the close of business on Thursday, July 5, 2007 to file a notice of removal. Herndon did not actually

---

[2] Herndon states in his opposition that he attached copies of all documents that were served upon him. Whether this is true or not, the remaining requirements for removal have not been met.

file the notice of removal until August 20, 2007, and has not provided the Court with a justification for tendering the removal notice 46 days late.

While the Court construes pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520-21, (1972), "[p]rocedural default is not excused merely because claimants are proceeding pro se," United States v. Three Parcels of Real Property, 43 F.3d 388, 392 (8th Cir. 1994). See Rios v. Bigler, 67 F.3d 1543, 1553 (10th Cir.1995) ("It is not this court's burden to hunt down the pertinent materials."). Herndon's failure to follow the proper procedure to remove this action, and the untimely nature of the removal notice warrants a remand to the Mecklenburg County court.

**IV. CONCLUSION**

**IT IS, THEREFORE, ORDERED,** that the Plaintiff's Motion to Remand to State Court is **GRANTED**. The Clerk of Court shall provide a certified copy of this Order to counsel for the Plaintiff. Counsel for the plaintiff is directed to file the certified copy with the Clerk of Court for Mecklenburg County, North Carolina.

The Defendant's Motion to Bring in a Third Party Defendant (Doc. No. 9) is **DENIED AS MOOT**.

**SO ORDERED.**

Signed: March 19, 2008

Robert J. Conrad, Jr.
Chief United States District Judge